FILED

2012 OCT 24  PM 4:52

U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10  CAPITAL ONE, N.A.,              )  CASE NO. CV 12-8722-UA (DUTYx)
                                    )
11              Plaintiff,          )  [PROPOSED] ORDER DENYING
                                    )  DEFENDANTS' MOTION TO PROCEED *IN*
12       v.                         )  *FORMA PAUPERIS* AND REMANDING CASE
                                    )  TO SUPERIOR COURT
13  EASHAN DOROUDI, ET AL.,         )
                                    )
14              Defendants.         )
    _____)
15

16       Before the Court is Defendants' motion to proceed *in forma*

17  *pauperis* ("IFP").  For the following reasons, the motion is denied and

18  the action is remanded to the Los Angeles County Superior Court.

19       On October 11, 2012, Defendants, proceeding *pro se*, lodged a

20  Notice of Removal, accompanied by a request to proceed IFP, attempting

21  to remove this unlawful detainer action from state court to federal

22  court.  Defendants alleged federal jurisdiction under 12 U.S.C.

23  § 5220, the Protecting Tenants at Foreclosure Act.  Defendants,

24  however, are mistaken.  There is no federal jurisdiction under § 5220

25  because Congress did not create a private right of action when it

26  enacted that statute.  *See Wescom Credit Union v. Dudley*, 2010 WL

27  4916578, at *2 (C.D. Cal. Nov. 22, 2010); *Miller v. Chase Home*

28  *Finance, LLC*, 677 F.3d 1113, 1115-17 (11th Cir. 2012) (affirming

1  dismissal for failure to state a claim because 12 U.S.C. §§ 5201-5261
2  did not create a private right of action) (citation omitted).
3  Further, and importantly, unlawful detainer actions are creatures of
4  state law.  *Id.* at 1116.  Thus, even assuming that Defendants wanted
5  to raise a federal defense to the unlawful detainer action, that would
6  not convert this case into a federal case.  *See*, *e.g.*, *Moore-Thomas v.*
7  *Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (explaining
8  federal law defense does not create federal jurisdiction if complaint
9  on its face does not present federal question); *Wescom Credit Union*,
10 2010 WL 4916578, at *2 (holding, even if the Protecting Tenants at
11 Foreclosure Act offers a federal defense, it does not confer federal-
12 question jurisdiction).[1]

13     Finally, because there is obviously no federal jurisdiction over
14 this case, removal is improper and it is, therefore, subject to
15 remand.  28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah*
16 *Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502
17 (2005).

18     Accordingly, IT IS ORDERED that (1) this matter be REMANDED to
19 the Superior Court of California, Los Angeles County, for lack of
20 subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that

21
22
23
24
25
26
27
28

---

   [1]   The Court notes that there is no jurisdiction under 28 U.S.C.
§ 1332 because the amount in controversy in the underlying unlawful
detainer action is less than $10,000, excluding interest and costs.
(*See* Complaint, attached to Notice of Removal, at 1.)

1  the Clerk send a certified copy of this Order to the state court; and

2  (3) that the Clerk serve copies of this Order on the parties.

3      IT IS SO ORDERED.

4      DATED: ___10/22___, 2012

5

6                               GEORGE H. KING
                             UNITED STATES DISTRICT JUDGE

7  Presented by:

8

9

10  PATRICK J. WALSH
   UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  S:\PJW\Cases-Civil Rights\AAA IFP DENIALS\IFP. denial.removal.unlawful detainer.wpd